UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEG TUSOV (A-Number: 216-455-440), Petitioner, v. TONYA ANDREWS, Warden of the Golden State Annex Detention Facility; TODD BLANCHE, Attorney General for the United States of America; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; ICE/ERO, Fresno Field Office of Bureau of Immigration and Customs Enforcement, Respondents. | No. 1:26-cv-07953-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Oleg Tusov[1] is an immigration detainee and asylum-seeker from Russia proceeding with a petition for writ of habeas corpus and motion for temporary restraining order, which petitioner filed on September 28, 2026. Docs. 1, 4. Counsel appeared for petitioner on October 8, 2026. Doc. 11.

[1] While the case caption and respondents' response, Doc. 9, and motion to accept late filed exhibit, Doc. 10, spell petitioner's family name "Tusou," the petition for writ of habeas corpus, Doc. 1, motion for temporary restraining order, Doc. 4, and petitioner's I-213, Doc. 9-1, show that petitioner's family name is properly spelled "Tusov." The court accordingly uses that spelling in this Order.

## I. Background

Petitioner Oleg Tusov is a 25-year-old citizen of Russia who lawfully entered the United States on a visa on July 11, 2017, when he was a minor. Doc. 9-1 at 1; Doc. 1 at 5. Petitioner entered the country along with his father, also a Russian citizen. *See id.* Petitioner's visa expired on January 10, 2018. Doc. 9-1 at 2.

On January 2, 2018, before petitioner's visa expired, his father filed an I-589 application for asylum which listed petitioner as a derivative beneficiary. *Id.* at 3; Doc. 12 at 2. Petitioner has a work permit valid until 2030. Doc. 1 at 6; Doc. 12 at 2. Respondents do not dispute that petitioner has a pending asylum application and a valid work permit. Docs. 9, 10.

Petitioner has no criminal record and was employed as a contractor prior to being taken into ICE custody. Doc. 9-1 at 2-3; Doc. 12 at 2. Earlier this year, petitioner's father returned to Russia, where petitioner's mother and sister still live. Doc. 1 at 5-6. Four months after petitioner's father left the country, on September 4, 2026, petitioner was taken into ICE custody after being encountered while sleeping at a truck stop in Post Falls, Idaho. Doc. 1 at 5-6; Doc. 9-1 at 2; Doc. 12 at 2. Tusov was transported to the Spokane ICE ERO Office, where he was detained for overstaying his visa. Doc. 9-1 at 2. On September 22, 2026, respondents served petitioner with a notice to appear in removal proceedings. *Id.* at 5.

Petitioner was initially detained in Tacoma, Washington, and scheduled for a hearing on September 22, 2026. Doc. 1 at 6. But on September 19, 2026, petitioner was transferred to Golden State Annex Detention Center in California. *Id.* Petitioner asked an ICE agent about the status of his hearing and was told he had no hearing scheduled. *Id.* Petitioner received a notice of custody determination from the Department of Homeland Security on September 5, 2026, and requested review by an immigration judge. Doc. 10-1; Doc. 12 at 2-3. Petitioner has now been detained for over thirty days without a bond hearing.

On September 28, 2026, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a motion for temporary restraining order, Doc. 4. Petitioner argues that he was detained without due process and requests release. Docs. 1, 4. Respondents filed an opposition on October 1,

2026, Doc. 9, and a motion to accept late filed exhibit on October 2, 2026, Doc. 10.[2]

**II. Discussion**

The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has lived at liberty for years while his immigration case proceeds pursuant to the government's affirmative decision not to detain him, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501 (E.D. Cal. Aug. 3, 2026).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior order and that would justify denying the petition. Doc. 8. Respondents do not dispute the facts alleged by petitioner and do not distinguish this case from *Medvezhov v. Warden, Golden State Annex Detention Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501 (E.D. Cal. Aug. 3, 2026). Docs. 9, 10.

The circumstances here are similar to those in *Medvezhov*, and Tusov likewise has a protected liberty interest. Petitioner alleges that he has a work permit valid until 2030. Doc. 1 at 6. Respondents do not address or refute this claim in their response. *See* Docs. 9, 10. As in *Medvezhov*, the government "sanctioned [Tusov's] continued presence in the United States by granting his employment authorization." *Medvezhov*, 2026 WL 2234501, at *2 (cleaned up); *see also Bhupinder Saini v. Warden, Facility Administrator of Golden State Annex et al.*, No. 1:26-CV-06529-KES-EGC (HC), 2026 WL 2481771, at *1 (E.D. Cal. Aug. 24, 2026). Further, petitioner submitted an asylum application on January 2, 2018, which remains pending. Doc. 9-1 at 3. The government received petitioner's asylum application over eight years ago, knew of petitioner's presence in the United States, and allowed him to remain at liberty. Petitioner has

---

[2] Respondents' unopposed motion to accept late filed exhibit, Doc. 10, is GRANTED, as the court finds that respondents have established excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 & n.3 (9th Cir. 2000).

sufficiently established that he has a protected liberty interest under these circumstances.

Respondents do not dispute that "8 U.S.C. § 1226(a) governs here," and they state that "[p]etitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." Doc. 9 at 1. Respondents argue that "the Court should deny relief or limit relief to the bond hearing that the statute entitles him to receive" because petitioner has not yet requested or received a bond hearing. *Id.* But the government does not make any new legal arguments not previously addressed in *Medvezhov*, 2026 WL 2234501, at *2-3.

## III. Conclusion and Order

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decision in *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501 (E.D. Cal. Aug. 3, 2026), the petition for writ of habeas corpus is GRANTED.

Respondents are ORDERED to release petitioner Oleg Tusov (A-Number: 216-455-440) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[3]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

///

///

///

///

///

///

///

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to modify the case caption to reflect the correct spelling of petitioner's family name, Tusov. *See* Doc. 1 at 1; Doc. 9-1 at 1. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 18, 2026

UNITED STATES DISTRICT JUDGE